IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | |
|---|---|
| EDMON KEITH HARPER, Individually and on behalf of other similarly situated Deputy Marshals **PLAINTIFF,** § § § § § | |
| **V.** § § | CASE NO. _____ |
| VILLAGE OF JONES CREEK, TEXAS, JONES CREEK POLICE DEPARTMENT AND MARSHAL WILLIAM R. TIDWELL, *In His Official Capacity* **DEFENDANTS.** § § § § § § § | |

**PLAINTIFF'S ORIGINAL COMPLAINT
AND
MOTION FOR CLASS CERTIFICATION**

This is an action arising under the Fair Labor Standards Act of 1938 (FLSA), 52 Stat.1060, as amended, 29 U.S.C. §201 et seq. (1994 ed. and Supp. III) ("FLSA"). This action is brought as an individual action to recover unpaid regular, minimum wage and overtime compensation, liquidated damages, and attorney's fees owed to Plaintiff Edmon Keith Harper ("Plaintiff"), and on behalf of other similarly situated deputy marshals.

**I.     PARTIES**

1.     Plaintiff is/was an "employee" of Defendants, as that term is defined by the FLSA, and is represented by the undersigned. During his employment with the Defendants, the Plaintiff was, individually, directly engaged in interstate commerce by virtue of his employment as a Texas Peace Officer and the violator contact with drivers and person from States other than Texas.

2.     Defendant Village of Jones Creek, is a valid Texas municipal

governmental agency created as part of a political subdivision of the United States of America and the State of Texas, and which may be served through the Village City Secretary, the Honorable Kimberly Morris, Village of Jones Creek, Texas, 7207 Stephen F. Austin, Jones Creek, Texas 77541, or wherever she may be found. Defendant has acted, directly or indirectly, as an employer with regard to the Plaintiff and is an "enterprise" engaged in commerce under the FLSA.

3. Defendant Jones Creek Police Department is a valid Texas municipal governmental agency created as part of a political subdivision of the United States of America and the State of Texas, and which may be served through the Village City Secretary, the Honorable Kimberly Morris, Village of Jones Creek, Texas, 7207 Stephen F. Austin, Jones Creek, Texas 77541or wherever she may be found. Defendant has acted, directly or indirectly, as an employer with regard to the Plaintiff and is an "enterprise" engaged in commerce under the FLSA.

4. Defendant Marshal William R. Tidwell, in his official capacity, is an individual living in the State of Texas and can be found at Village of Jones Creek, Texas, 7207 Stephen F. Austin, Jones Creek, Texas 77541, or wherever he may be found. Defendant has acted, directly or indirectly, as an employer with regard to the Plaintiff and is an "enterprise" engaged in commerce under the FLSA.

## II. JURISDICTION AND VENUE

5. This Court has jurisdiction under the FLSA, and venue is proper pursuant to28 U.S.C. § 1391(b), as Defendants and Plaintiff transacted business within this judicial district, and the events underlying this complaint occurred within this judicial district as well.

### III.     FACTUAL ALLEGATIONS

6. Plaintiff worked for Defendants as a Peace officer, part-time from July 5, 2016 September 18, 2017. Plaintiff became full time from September 18, 2017 to February 21, 2018. Plaintiff then became part-time again starting February 21, 2018 and is presently at part-time status.

7. According to the Texas Occupations Code, part-time status is determined at less than 32 hours a week with all benefits due and payable the same as full-time employees, such as retirement benefits, holiday pay, sick days, clothing allowance, etc... At all times during his employment with Defendants, Plaintiff was paid on an hourly basis, and generally worked more than 40 hours per week regardless of his work status and without being paid overtime for hours he worked in excess of 40 per week. Plaintiff never received any of the benefits paid to other full-time employees during his entire tenure with this employer, regardless of the employer carrying him as a part-time or full-time employee. In fact, employer Defendants chose to pay Plaintiff once per month with a pay check stub showing the total hours worked for the month rather than breaking it down into the individual weeks. Arguendo, an employee could work only one week of the month, but work 100 hours during that week and receive a check at the end of the month that shows 100 hours worked during the month at the regular hourly rate and with no overtime.

8. At all times relevant hereto, the Defendants knew of, approved of, and benefited from Plaintiff's regular and overtime work. During his employment, Plaintiff did not serve in the capacity of an executive, administrator or professional and was not exempt from the protection of the FLSA.

9. The Defendants did not make a good faith effort to comply with the overtime provisions contained within the FLSA. Defendants' actions were knowing, willful and in blatant disregard for Plaintiff's federally protected rights.

### IV.     PLAINTIFF'S ALLEGATIONS

10. Plaintiff worked a significant number of hours for which he was not paid. As a non-exempt employee, Plaintiff was entitled to be paid premium pay for all hours worked in excess of forty (40) hours in a workweek. 29 U.S.C. §207 (a) (2008). Accordingly, the Defendants' practice of failing to pay premium pay for all overtime hours worked was and is a violation of the FLSA.

11. No exemption excused the Defendants from paying Plaintiff overtime rates for all hours worked over forty (40) per workweek. In addition, the Defendants have not made a good faith effort to comply with the FLSA. As such, the Defendants knowingly, willfully, or with reckless disregard carried out its illegal pattern or practice regarding regular and overtime compensation with respect to Plaintiff. Such practices were and are clear violations of the FLSA.

### V.     CLASS ACTION ALLEGATIONS

Pursuant to Rule 23 of the Federal Rules of Civil Procedure, Plaintiff brings this action on behalf of himself and all others similarly situated, as representative of the following class: any and all persons (deputy marshals employed by the Defendants) who from January 1, 2017, to the date of this action is certified.

As described below, this action satisfies the numerosity, commonality, and typicality, and adequacy of representation requirements of Federal Rules of Civil Procedure Rule 23.

### A. Numerosity

The persons in the class are so numerous that joinder of all members is impracticable. Although the exact number of class members is unknown to Plaintiff at this time, it is ascertainable by appropriate discovery, and Plaintiff is informed and believes that the class includes 15 members or more. The identity and location of class members may be identified from the records maintained and possessed by the Defendants or its representatives.

### B. Commonality

There are common questions of law or fact affecting the class. Specifically, predominant common questionsinclude:

(i) whether the Defendants failed to pay wages that should have been paid to comply with FLSA;

(ii) whether the if Defendants required Plaintiffs to work overtime determine the nature of the requirement, the manner in which it was implemented, and the employees to which it applied;

(iii) whether the time that the Plaintiffs worked was overtime for which Plaintiffs are entitled to adequate compensation.

### C. Typicality

The claims of the class are typical of the claims of the rest of the class in that Plaintiff and all members of the class sustained damages arising out of Defendants' failure to pay for time worked over 40 hours.

### D. Fair and Adequate representation

Plaintiff will fairly and adequately represent the interest of the class. In support of

this proposition, Plaintiff shows:

    (i) the class representative is a member of the proposed class;

    (ii) the class representative has expressed interest in representing the class;

    (iii) the class representative is willing to pay the costs of notice and litigation;

    (iv) the class representative has no interests adverse to other members of the class; and

    (v) the class representative has suffered the same harm as the class.

**E.     Proposed Class Counsel is Adequate**

Paul H. LaValle requests appointment as class counsel. Paul H. LaValle has over 30 years of experience in federal and state litigation.

    (i) Paul H. LaValle and his firm, have spent several months researching the issues, including speaking with potential class members and the problems working for Defendants.

    (ii) Paul H. LaValle and his firm, has been involved in other class actions involving wage compensation and unpaid wages.

    (iii) Paul H. LaValle and his firm has worked on several complex class actions before in this and other federal districts.

    (iv) Paul H. LaValle will be able to devote his time to this case, and has support staff that is able to devote more than half their time to the case. Counsel has database, file management, and office services departments fully capable of providing the support needed for such a case.

**F.     Risk if class action is not maintained**

Common question of law or fact predominate over any questions affecting only

individual members. The substantive issues that control the outcome of the litigation are:

(i) The individual officers who have worked over 40 hours at full time and/or over 32 hours at part-time and have not been paid for hours worked or received benefits as full time employees.

Those issues are common to the class. In addition, a class action in this case is superior to the other available methods for the fair and efficient adjudication of the controversy because efforts at negotiation of these claims have failed and individual class members lack the resources to bring the action for themselves.

## VI.   CAUSE OF ACTION

**A.   Violation of the FLSA – Failure to Pay Overtime**

12. Based on the foregoing, Defendants violated the FLSA by failing to compensate Plaintiff for time worked in excess of 40 hours per workweek, contrary to the requirements of Section 7 of 29 U.S.C. §207.

13. Plaintiff has suffered damages as a direct result of Defendants' illegal actions.

14. Defendants is liable to Plaintiff for all unpaid wages and overtime compensation, liquidated damages, attorney's fees and costs of Court under the FLSA for time worked in excessof 40 hours per work week, for his tenure with the Defendants during the relevant time period.

## VII.   JURY DEMAND

15. Plaintiff demands a trial by jury on all claims he has asserted herein.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands:

That the court set Motion for Class Certification for a hearing at an early practicable time. On hearing, the court certify the class as described in this motion, and appropriate subclasses, if any.

That the court orders such other and further relief to which:

1. Judgment against Defendants for an amount equal to Plaintiff's unpaid back wages at the applicable overtime rates;

2. Judgment against Defendants that its violations of the FLSA were willful;

3. An amount equal to the unpaid wages damages as liquidated damages;

4. To the extent that liquidated damages are not awarded, an award of prejudgment interest;

5. All costs, recoverable expenses and attorney's fees incurred prosecuting these claims;

6. Leave to amend to add claims under applicable state laws; and

7. For such further relief as the Court deems just and equitable.

    Respectfully submitted,

    LAW OFFICES OF PAUL HOUSTON
    LAVALLE & ASSOCIATES, P.C.

    /s/ Paul H. LaValle
    Paul H. LaValle
    S. B. O. T.  #  11998625
    Fed. I.D. # 7865
    2501 Palmer Hwy., Ste. # 112
    P.O.  Box  3073
    Texas City,  Texas 77592-3073
    Telephone No.  (409) 945-3314
    Facsimile No.   (409) 945-2310
    Cellular No.    (832) 573-3465
    E-Mail: paul@lavalle-law.com
    ATTORNEY FOR PLAINTIFF
    EDMON KEITH HARPER